```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA                                :
                                                        :         20-CR-489 (JMF)
                -v-                                     :
                                                        :       MEMORANDUM OPINION
DONALD WILLIAMS,                                        :            AND ORDER
                                                        :
                        Defendant.                      :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

       On January 18, 2024, Defendant Donald Williams filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence by one month and twenty-three days pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. *See* ECF No. 49. Section 3582(c)(2), which governs Defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 . . . ." *Dillon v. United States*, 560 U.S. 817, 826 (2010). If a defendant qualifies, Section 1B1.10 directs a court to consider the § 3553(a) factors, "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 note 1(B); *see, e.g.*, *United States v. Boyd*, 835 F.3d 791, 792–93 (8th Cir. 2016).

       Applying the foregoing standards, the Court GRANTS the motion. First, the Court agrees with Probation and the defense that Defendant is eligible for a reduction in light of Amendment 821. *See* ECF No. 48. Second, considering the Section 3553(a) factors as well as Defendant's post-sentencing conduct, the Court concludes that the modest reduction Defendant

seeks is appropriate. In arguing otherwise, the Government emphasizes the reasons that the Court sentenced Defendant at the top of the then-applicable Guidelines range. But, even with the reduction, the time that Defendant will have served would be near the top of that range — and would exceed the top of the amended Guidelines range. Moreover, the Government's argument does not acknowledge Defendant's generally positive record since sentencing or the fact that Defendant, although still technically in the custody of the Bureau of Prisons, has actually already been released to home confinement.[1] Accordingly, granting Defendant's motion would not interfere with the orderly process of reentry. *Cf.* Memorandum Opinion and Order, *United States v. Bailey*, 21-CR-307, ECF No. 40 (S.D.N.Y. January 18, 2024) (denying a defendant's motion for a sentencing reduction in part because "early release would interfere with the orderly process of reentry from the halfway house where he is presently detained"). Accordingly, the motion is GRANTED, **effective February 1, 2024**. *See* U.S.S.G. § 1B1.10(e)(2) ("The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.").

    SO ORDERED.

Dated: January 30, 2024  
       New York, New York

                                                  JESSE M. FURMAN  
                                                  United States District Judge

---

[1]    In its opposition, the Government states that Defendant is "currently *in* a BOP residential reentry management facility" (also known as a halfway house). ECF No. 51, at 2 (emphasis added). The Probation Department has confirmed that that is incorrect, as Defendant was released to home confinement on or about December 6, 2023.